In a proceeding pursuant to Election Law article 16, inter alia, to preserve for judicial review certain absentee ballots cast in a general election for the public office of Member of the Common Council, City of Poughkeepsie, 8th Ward, 3rd District, held on November 5, 2013, and to contest the casting and canvassing of those absentee ballots, Tracy Hermann appeals, as limited by his notice of appeal and brief, from so much of a final order of the Supreme Court, Dutchess County (Rosa, J.), dated December 5, 2013, as, after a hearing, denied those branches of the petition which were to prohibit the casting and canvassing of the absentee ballots included within exhibits 1 and 2, and Anthony M. LaRoeca, Jr., cross-appeals from so much of the same final order as granted those branches of the petition which were to *861 prohibit the casting and canvassing of the absentee ballots included within exhibits 4 and 5.
Ordered that the final order is modified, on the law and the facts, by deleting the provision thereof denying that branch of the petition which was to prohibit the casting and canvassing of the absentee ballot included within exhibit 1, and substituting therefor a provision granting that branch of the petition and directing the Dutchess County Board of Elections not to cast and canvass the absentee ballot included within exhibit 1; as so modified, the final order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
At the hearing, the petitioner and the respondent stipulated into evidence exhibits 1 and 2. Exhibits 1 and 2 each include an absentee ballot application for the calendar year 2012. The absentee ballot application include^ within exhibit 2 informed the Board of Elections that the voter listed therein had a “permanent illness or physical disability.” Thus, the Board of Elections had a basis upon which to determine that the voter listed in the absentee ballot application included within exhibit 2 was entitled to vote as an absentee voter in the general election held on November 5, 2013, because the voter was permanently ill or physically disabled (see Matter of Stewart v Chautauqua County Bd. of Elections, 14 NY3d 139, 151 [2010]). Therefore, the Supreme Court correctly determined that the absentee ballot included within exhibit 2 should be cast and canvassed.
The Supreme Court, however, erred in determining that the absentee ballot included within exhibit 1 should be cast and canvassed. It is undisputed that, unlike the absentee ballot application included within exhibit 2, the absentee ballot application included within exhibit 1 requested an absentee ballot for the calendar year 2012 based solely on that voter’s duty relating to the primary care of a disabled individual, but did not indicate that the disabled individual was permanently disabled (see Election Law § 8-400 [3] [c] [ii]). Thus, it was not evident from the absentee ballot application included within exhibit 1 that the disabled individual referred to in that application would still be disabled in 2013. In any event, the absentee ballot application included within exhibit 1 did not indicate that the voter’s duty to care for the disabled individual would continue for the calendar year 2013. Accordingly, the Board of Elections did not have a basis upon which to determine that the voter listed in the absentee ballot application included within exhibit 1 was entitled to vote as an absentee voter in the general election held on November 5, 2013 (see Matter of Gross v Albany County Bd. of Elections, 3 NY3d 251 [2004]; cf. Stewart v Chautauqua County Bd. of Elections, 14 NY3d at 151).
*862 The respondent-appellant’s remaining contentions are without merit. Mastro, J.E, Leventhal, Miller and Hinds-Radix, JJ., concur.